IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:25-cv-20040-JB

MATTHEW JOHN HEATH; MATTHEW JOHN HEATH,
as the guardian of I.M.H a minor; ROBERT JOHN HEATH;
CONNIE DEMETA HAYNES; DEVIN EDWARD WALLER;
MCKENZIE CONNEAL DANIELS; OSMAN IMRAN KHAN;
TANIA YUDITH VALDES; JASMIN YUDITH KHAN; and
TANIA YUDITH VALDES, as the guardian of A.I.K. a minor;

    Plaintiffs,

vs.

NICOLÁS MADURO MOROS; FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA-EJÉRCITO DEL
PUEBLO ("FARC-EP"); CARTEL DE LOS SOLES
("CARTEL OF THE SUNS"); SEGUNDA MARQUETALIA;
VLADIMIR PADRINO LÓPEZ; NÉSTOR LUIS REVEROL TORRES; TAREK
WILLIAM SAAB HALABI; IVÁN RAFAEL HERNÁNDEZ
DALA; DIOSDADO CABELLO RONDÓN; ALEX NAIN
SAAB MORÁN; JOSÉ MIGUEL DOMÍNGUEZ RAMÍREZ;
CILIA ADELA FLORES DE MADURO; REYNALDO
HERNÁNDEZ; MARLON SALAS RIVAS; ALEXANDER
ENRIQUE GRANKO ARTEAGA; PETRÓLEOS DE
VENEZUELA, S.A.; COMPAÑÍA GENERAL DE MINERÍA
DE VENEZUELA, aka CVG COMPAÑÍA GENERAL DE M
INERÍA DE VENEZUELA CA aka CORPORACIÓN
VENEZOLANA DE GUAYANA MINERVEN C.A.
aka CVG MINERVEN aka MINERVEN;

    Defendants.

_____/

**PLAINTIFFS' MOTION FOR SERVICE
UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) and 4(c)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs move for leave to serve

foreign defendants (1) Nicolás Maduro Moros ("Nicolás Maduro"), (2) Vladimir Padrino López

("Padrino López"), (3) Néstor Luis Reverol Torres ("Reverol Torres"), (4) Tarek William Saab

1

Halabi ("Tarek Saab"), (5) Iván Rafael Hernández Dala ("Iván Hernández"), (6) Diosdado Cabello Rondón ("Diosdado Cabello"), (7) Alex Nain Saab Morán ("Alex Saab"), (8) José Miguel Domínguez Ramírez ("Domínguez Ramírez"), (9) Cilia Adela Flores de Maduro ("Cilia Flores"), (10) Reynaldo Hernández, (11) Marlon Salas Rivas ("Salas Rivas"), (12) Alexander Enrique Granko Arteaga ("Granko Arteaga"), (13) Petróleos de Venezuela, S.A. (a.k.a. "PDVSA"), (14) Compañía General de Minería de Venezuela, (a.k.a. CVG Compañía General de Minería de Venezuela CA, a.k.a. Corporación Venezolana de Guyana Minerven C.A., a.k.a. CVG Minerven, a.k.a. and hereinafter "Minerven"), and (15) Segunda Marquetalia (collectively, "Defendants") by alternative means. Plaintiffs seek to serve these Defendants by the means noted below that Plaintiffs assert are reasonably calculated to provide each of these Defendants with notice of this litigation. Courts in this District have permitted service pursuant to Rule 4(f)(3) in four cases with similar factual allegations against some of the Defendants here.[1]

In addition, Plaintiffs respectfully move under Fed. R. Civ. P 4(c)(3) for an order directing the U.S. Marshal's Service to serve a copy of the Summons and Complaint in this case on Fuerzas Armada Revolucionarias de Colombia - Ejército del Pueblo ("FARC-EP") by serving Juvenal Ovidio Ricardo Palmera Pineda (a.k.a. Simon Trinidad, a.k.a. and hereinafter "Juvenal Pineda" or "Pineda"), one of the leaders and managers of the FARC-EP. Juvenal Pineda is currently incarcerated at USP Florence Admax in Florence, Colorado. Plaintiffs also request an order directing the U.S. Marshal's Service to serve a copy of the Summons and Complaint in this case on the *Cártel de Los Soles* ("Cartel of the Suns") by serving Cliver Antonio Alcala Cordones

---

[1] *See Marron v. Maduro Moros*, Case No. 1:21-cv-23190 (FAM) (S.D. Fla. Sep. 6, 2022), ECF No. 33; *Albán Osio v. Maduro Moros*, Case No. 1:21-cv-20706 (DPG) (S.D. Fla. Sep. 23, 2022), ECF No. 60; *Holt v. Maduro Moros*, Case No. 1:24-cv-20701 (CMA) (S.D. Fla. Apr. 26, 2024), ECF No. 14; *Perez v. Maduro Moros*, Case No. 1:24-cv-23719 (JEM) (S.D. Fla. Dec. 6, 2024), ECF No. 29.

("Alcala Cordones"), one of the leaders and managers of the Cartel of the Suns. Alcala Cordones is currently incarcerated at FCI Cumberland in Cumberland, Maryland.

## I. BACKGROUND

### A. Nature of Plaintiffs' Claims

Plaintiffs are American citizens who have suffered kidnapping, captivity, interrogation, torture, defamation and extreme emotional distress due to Defendants' unlawful actions. Defendants are a criminal enterprise of illegitimate Venezuelan officials and shell companies who co-conspired to abduct, detain, interrogate, and torture United States citizens to intimidate and coerce the United States Government. Illegitimate Venezuelan officials wrongfully detained Plaintiff Matthew Heath and Plaintiff Osman Khan for 752 days and 259 days, respectively, and used them as leverage in negotiating the release and clemency of two narco-terrorists imprisoned in the United States for their criminal acts in furtherance of the Defendants' criminal enterprise. (Compl. ¶¶ 1, 2, 11).

During their captivity, Plaintiffs Matthew Heath and Osman Khan were forced to remain in inhumane and unsanitary prisons where they were electrocuted, suffocated, severely beaten, deprived of food and water, and isolated in solitary confinement. (Compl. ¶¶ 3). Family members of Matthew Heath and Osman Khan suffered intense emotional and mental anguish while Defendants' criminal regime held their loved one hostage. The Defendants held Matthew Heath and Osman Khan hostage until their eventual release on October 1, 2022, when they were leveraged as collateral against the United States by Defendants in a prisoner exchange. (Compl. ¶ 11). Plaintiffs initiated this action seeking justice for the mental, emotional, and physical effects of Matthew Heath and Osman Khan's captivity at the hands of the Defendants.

## B. Defendants' History of Thwarting Service of Process

Defendants are active fugitives and/or sanctioned by the Department of the Treasury's Office of Foreign Assets Control (OFAC) who have a history of evading justice, rendering service under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") impossible. Defendants have routinely thwarted justice by avoiding service of United States criminal warrants for charges of narco-terrorism and drug distribution that have been pending for years.[2] The Department of State is currently offering $15 million and $10 million, respectively, for information leading to the arrest and conviction of Nicolás Maduro and Diosdado Cabello by the United States Government.[3]

Service under the Hague Convention is unlikely to be successful because the United States does not have diplomatic relations with Venezuela as a direct result of the unlawful actions of the Maduro Criminal Enterprise. Several Defendants have been sanctioned and designated by OFAC for human rights violations and suppressing democracy in Venezuela.[4] The violence and

---

[2] *See* Superseding Indictment ¶ 4, *United States v. Maduro Moros*, No. 1:11-CR-205 (S.D.N.Y. Mar. 26, 2020) (Nicolás Maduro indicted in March 2020 for his involvement in narco-terrorism in collaboration with Cartel de los Soles, Fuerzas Armadas Revolucionarias de Colombia and other defendants); *See* U.D. Dep't of State, *Diosdado Cabello Rondón – New Target: Narcotics Rewards Program, Wanted* (Mar. 26, 2020), https://www.state.gov/diosdado-cabello-rondon-new-target/ (Diosdado Cabello Rondón indicted on March 5, 2020 for conspiracy to commit narco-terrorism, conspiracy to import cocaine, and firearms charges); *See* Indictment, *United States v. Reverol Torres et al.*, No. CR-15-0020 (E.D.N.Y. Jan. 21, 2015), https://www.justice.gov/doj/page/file/1261891/dl?inline (indictment for Néstor Luis Reverol Torres for his participation in international cocaine distribution from Venezuela into the United States); *See* Indictment, United States v. Padrino Lopez, No. 1:19-CR-00176 (D.D.C. May 7, 2019) (Vladimir Padrino Lopez was indicted in May 2019 for conspiring to distribute cocaine in the United States).

[3] *See* U.S. Dep't of State, Bureau of International Narcotics and Law Enforcement Affairs, *Nicolás Maduro Moros – New Target: Narcotics Rewards Program Wanted* (Mar. 26, 2020), https://www.state.gov/nicolas-maduro-moros-new-target/; *See* U.D. Dep't of State, *Diosdado Cabello Rondón – New Target: Narcotics Rewards Program, Wanted* (Mar. 26, 2020), https://www.state.gov/diosdado-cabello-rondon-new-target/.

[4] *See* U.S. Dep't of the Treasury, *Treasury Sanctions the President of Venezuela* (July 31, 2017), https://home.treasury.gov/news/press-releases/sm0137 (designating Nicolás Maduro for his public corruption efforts to undermine democracy in Venezuela); *See* U.S. Dep't of the Treasury, *Treasury Sanctions 13 Current and Former Senior Officials of the Government of Venezuela* (July 26, 2017), https://home.treasury.gov/news/press-releases/sm0132 (designating Néstor Luis Rerol Torres and Tarek William Saab Halabi); *See* U.S. Dep't of the Treasury, *Treasury Targets Influential Former Venezuelan Official and His Corruption Network* (May 18, 2018), https://home.treasury.gov/news/press-releases/sm0389 (designating Diosdado Cabello Rondón); *See* U.S. Dep't of the

intimidation tactics utilized by Defendants make service under the Hague Convention impossible due to the risk of retaliation to any process server or member of the Venezuelan consulate tasked with service of process. Indeed, Venezuela's Central Authority has refused to serve papers from the United States in recent actions against some of these same defendants. In *Albán Osio v. Maduro Moros*, Case No. 1:21-cv-20706 (DPG) (S.D. Fla.), Plaintiffs requested alternative service against Defendant Maduro and other defendants who evaded conventional service. *Albán*, Case No. 1:21-cv-20706, ECF No. 53. Judge Gayles denied this initial request on April 21, 2021, instructing plaintiffs to first seek service through the Hague Convention. *Id*. (ECF No. 27). Plaintiffs attempted to comply with traditional service through the Hague Convention for six months to no avail. *Id*. (ECF No. 53). The Venezuelan Central Authority refused to accept service packages coming from the United States. *Id*. On December 20, 2021, plaintiffs filed a Renewed Motion for Alternative Service that was granted on September 23, 2022. *Id*. (ECF No. 53); (ECF No. 60).

Likewise, the plaintiffs in *Marron v. Maduro Moros*, Case No. 1:21-cv-23190 (FAM) (S.D. Fla.), moved to serve Defendants Nicolás Maduro, Padrino López, Reverol Torres, Alex Saab and

---

Treasury, *Treasury Targets Venezuelan President Maduro's Inner Circle and Proceeds of Corruption in the United States* (Sept. 25, 2018), https://home.treasury.gov/news/press-releases/sm495 (designating Cilia Adela Flores de Maduro and Vladimir Padrino López); *See* U.S. Dep't of the Treasury, *Treasury Sanctions Venezuela's State-Owned Oil Company Petroleos de Venezuela, S.A.*, (Jan. 28, 2019), https://home.treasury.gov/news/press-releases/sm594 (designating PDVSA); See U.S. Dep't of the Treasury, Sanctions List Search, Sanctions List Search, https://sanctionssearch.ofac.treas.gov/Details.aspx?id=26523 (Minerven listed as a Specially Designated National); *See* U.S. Dep't of the Treasury, *Treasury Sanctions Officials Aligned with Former President Nicolas Maduro and Involved in Repression and Corruption* (Feb. 15, 2019), https://home.treasury.gov/news/press-releases/sm612 (designating Iván Rafael Hernández Dala); *See* U.S. Dep't of the Treasury, *Treasury Sanctions Security Officials Associated with Violence and Obstruction of Humanitarian Aid Delivery* (Mar. 1, 2019), https://home.treasury.gov/news/press-releases/sm619 (designating José Miguel Domínguez Ramírez); *See* U.S. Dep't of the Treasury, *Treasury Disrupts Corruption Network Stealing from Venezuela's Food Distribution Program, CLAP* (July 25, 2019), https://home.treasury.gov/news/press-releases/sm741 (designating Alex Nain Saab Morán); *See* Anthony J. Blinken, U.S. Dep't of State, *Revocation of the Terrorist Designations of the Revolutionary Armed Forces of Colombia (FARC) and Additional Terrorist Designations* (Nov. 30, 2021), https://www.state.gov/revocation-of-the-terrorist-designations-of-the-revolutionary-armed-forces-of-colombia-farc-and-additional-terrorist-designations/ (FARC-EP and Segunda Marquetalia are designated as Special Designated Global Terrorist and Foreign Terrorist Organization.

others on September 2, 2022, by alternative means after their unsuccessful attempt to serve Defendants through the Hague Convention. *Marrón*, Case No. 1:2021-cv-23190, ECF No. 32. Plaintiffs' motion was promptly granted on September 7, 2022. *Id*. at ECF No. 33.

In *Holt v. Maduro Moros*, Case No. 1:24-cv-20701 (CMA) (S.D. Fla.), plaintiffs sought an order for alternative service against Defendants Nicolás Maduro, Padrino López, Reverol Torres, Diosdado Cabello, Alex Saab and others without first attempting service under the Hague Convention. *Holt*, Case No. 1:24-cv-20701, ECF No. 11. Recognizing the obstacles in serving Defendants through conventional methods, the Court followed *Marron* and *Albán* and granted plaintiffs' motion permitting plaintiffs to serve Defendants via text, email, or through social media. *Id*. at ECF No. 14.

On December 4, 2024, the Plaintiffs in *Perez v. Maduro Moros*, Case No. 1:24-cv-23719 (S.D. Fla.), filed a motion for alternative service under Fed. R. Civ. P. 4(f)(3). *Perez*, Case No. 1:24-cv-23719, ECF No. 28. The Court took judicial notice of evidence submitted in the *Albán, Marron,* and *Holt* cases, and granted plaintiffs' motion on December 9, 2024. *Id*. (ECF No. 29).

Here, Plaintiffs filed their Complaint on January 6, 2025, and now seek to serve Defendants pursuant to Fed. R. Civ. P. 4(f)(3) and 4(c)(3) without the need to pursue futile service of process pursuant to the Hague Convention. Plaintiffs will no doubt encounter the same difficulties of service under the Hague Convention: refusal by the Venezuelan Central Authority to accept service packages emanating from the United States.

As demonstrated in prior cases, Defendants are amenable to service through alternative methods under Rule 4(f)(3) and by U.S. Marshals Office under Rule 4(c)(3). Further, because the Venezuelan Central Authority refuses to cooperate with Hague Convention requests for service of process from the United States, Plaintiffs submit that the means of service suggested below are

more reasonably calculated to give notice to the Defendants of this pending action than attempted service under the Hague Convention, and these methods of service would comport with any potential due process concerns as they would be specifically targeted to means of communication that Plaintiffs reasonably believe (based on how process was served in other recent civil actions against many of these Defendants) will provide actual notice to each of the Defendants. Plaintiffs propose serving Defendants by the following methods:

1. Nicolás Maduro Moros: Nicolás Maduro can be served via text message to his personal cell phone, +58 (0) 426-216-8871. *See Holt*, Case No. 1:24-cv-20701 (CMA), Service Status Report, ECF 26-1 at pg. 1, 4-5; Declaration of Alex C. Lakatos, ECF 11-1 at 1.

2. Vladimir Padrino López: Padrino López can be served via text message to his personal cell phone, +58 (212) 607-1645. *See Holt*, Case No. 1:24-cv-20701 (CMA), Service Status Report, ECF 26-1 at pg. 2, 6-7. Padrino López can also be served by direct message to his verified user account on Facebook, https://www.facebook.com/vladimirpadrino.lopez.522. *Id*. at 8.

3. Néstor Luis Reverol Torres: Reverol Torres can be served via his personal email address, nreverol@gmail.com. *See Holt*, Case No. 1:24-cv-20701 (CMA), Affidavit of Service, ECF 29 at 1-2.; Exhibit 1, ECF 29-1 at 2-3. Reverol Torres can also receive direct messages on the Instagram account, @reverolnestor believed to belong to him. This Instagram account has 274,000 followers and frequently posts content with 5,408 posts. *See* Reverol Torres (@reverolnestor), INSTAGRAM, https://www.instagram.com/reverolnestor/ (last visited Jan. 3, 2025, 12:00 PM). Reverol Torres is described on the account as a "Government Official" and the

President of "@corpozulia_oficial" (president of Corpozulia, a government entity focused on economic development in Zulia, Venezuela). *Id*.; *See* Compl. ¶ 32.

4. Tarek William Saab Halabi: Tarek Saab can be served via text message to his personal cell phone, +58 212 509 8504. *See Holt*, Case No. 1:24-cv-20701 (CMA), Service Status Report, ECF 26-1 at pg. 2, 9-10. Tarek Saab can also be served by direct message to his verified user account on X, @tarekwilliamsaab. *Id.* at 11.

5. Iván Rafael Hernández Dala. Plaintiffs have been unable to find Iván Hernández on social media or to locate an address or cell phone number for him. Because Nicolás Maduro is the head of the Criminal Enterprise and has direct contact with and control over Ivan Hernandez, Plaintiffs would like to serve him via text message to the personal cell phone of Nicolás Maduro at +58 (0) 426-216-8871. As the head of the Maduro Criminal Enterprise, service on Nicolás Maduro will provide Ivan Hernandez with notice of the action.

6. Diosdado Cabello Rondón ("Cabello Rondón"): Cabello Rondón can be served via his personal email address at mazazos@gmail.com or work email address at diosdado@psuv.org.ve. *See Holt*, Case No. 1:24-cv-20701 (CMA), Service Status Report, ECF 26-1 at pg. 3, 123-24; Declaration of Alex C. Lakatos, ECF 11-1 at pg. 2.

7. Alex Nain Saab Morán: Alex Saab can be served via text message to his personal cell phone, +58 (0) 414-243-2368. *See Holt*, Case No. 1:24-cv-20701 (CMA), Affidavit of Service, ECF 36 at 1, 4-5.

8. José Miguel Domínguez Ramírez. Plaintiffs have been unable to find Domínguez Ramírez on social media or to locate an address or cell phone number for him.

8

Because Nicolás Maduro is the head of the Criminal Enterprise and has direct contact with and control over Domínguez Ramírez, Plaintiffs would like to serve him via text message to the personal cell phone of Nicolás Maduro at +58 (0) 426-216-8871. As the head of the Maduro Criminal Enterprise, service on Nicolás Maduro will provide Domínguez Ramírez with notice of the action.

9. Cilia Adela Flores De Maduro: Cilia Flores can be served via direct message to an Instagram account, @florescilia believed to belong to her. The Instagram account has 263,000 followers and 595 posts. *See* Cilia Flores (@florescilia), INSTAGRAM, https://www.instagram.com/florescilia/reels/?hl=en (last visited Jan. 3, 2025, 1:43 PM). Several of the photos and videos uploaded to the account are of Defendants Cilia Flores and Nicolás Maduro. *See Id*. In the bio section Cilia Flores describes herself as the "[w]ife of the President of the Republic Nicolas Madura", "Lawyer", "Former President of the AN", and "Former Attorney General." *Id*.

10. Reynaldo Hernández. Plaintiffs have been unable to find Reynaldo Hernández on social media or to locate an address or cell phone number for him. Because Nicolás Maduro is the head of the Criminal Enterprise and has direct contact with and control over Reynaldo Hernández, Plaintiffs would like to serve him via text message to the personal cell phone of Nicolás Maduro at +58 (0) 426-216-8871. As the head of the Maduro Criminal Enterprise, service on Nicolás Maduro will provide Reynaldo Hernández with notice of the action.

11. Marlon Salas Rivas. Plaintiffs have been unable to find Salas Rivas on social media or to locate an address or cell phone number for him. Because Nicolás Maduro is the head of the Criminal Enterprise and has direct contact with and control over Salas

Rivas, Plaintiffs would like to serve him via text message to the personal cell phone of Nicolás Maduro at +58 (0) 426-216-8871. As the head of the Maduro Criminal Enterprise, service on Nicolás Maduro will provide Salas Rivas with notice of the action.

12. Alexander Enrique Granko Arteaga. Plaintiffs have been unable to find Granko Arteaga on social media or to locate an address or cell phone number for him. Because Nicolás Maduro is the head of the Criminal Enterprise and has direct contact with and control over Granko Arteaga, Plaintiffs would like to serve him via text message to the personal cell phone of Nicolás Maduro at +58 (0) 426-216-8871. As the head of the Maduro Criminal Enterprise, service on Nicolás Maduro will provide Granko Arteaga with notice of the action.

13. Petróleos de Venezuela, S.A.: PDSVA can be served by sending a direct message to its president Héctor Obregón Pérez's ("Héctor Pérez") Instagram account, @hectorobregonp. PDVSA can also be served by direct message to its vice president of International Affairs, Ronny Romero's LinkedIn account, https://ve.linkedin.com/in/ronny-romero-3245b084/en. The Instagram account of Héctor Obregón Pérez has 30,400 followers. Héctor Pérez (@hectorobregonp), INSTAGRAM, https://www.instagram.com/hectorobregonp/?hl=en (last visited Jan. 3, 2025, 2:43 PM). On the account, Héctor Pérez describes himself as the President of Petroleos de Venezuela, S.A. and tags the PDVSA @petroleosdevenezuela in his bio. *Id*. There are several posts of Nicolás Maduro and other individuals wearing clothing with the PDVSA logo. *Id*. The LinkedIn account of Ronny Romero lists his title as "VP International Affairs" in the description and links the LinkedIn page of PDVSA.

Ronny Romero, LinkedIn, https://ve.linkedin.com/in/ronny-romero-3245b084/en (last visited Jan. 3, 2025, 2:50 PM).

14. Compañía General de Minería de Venezuela: Minerven can be served by sending a direct message to the social media user accounts believed to belong to Minerven's President, Héctor Silva on X, at @Hectorsilvavzla and Instagram at @hectorsilvavzla. The X account has 1,930 followers with the location marked as Venezuela. *See* Héctor Silva (@Hectorsilvavzla), X, https://x.com/Hectorsilvavzla (last visited Jan. 3, 2025, 2:29 PM). Silva often reposts updates from Nicolás Maduro's verified X account. *See Id*. The Instagram account has 59,200 followers and 411 posts. Héctor Silva (@hectorsilvavzla), Instagram, https://www.instagram.com/hectorsilvavzla/?hl=en (last visited Jan. 2, 2025, 2:16 PM). On June 17, 2024, one day after Nicolás Maduro appointed him as the President of Minerven, Héctor Silva made an Instagram post tagging Minerven,@Minerven_CA, and stated: "I am deeply grateful for the designation as the MPP responsible for Ecological Mining. . ." Silva also thanks Nicolás Maduro in the post. *Id*.

15. Segunda Marquetalia. Plaintiffs have been unable to find Segunda Marquetalia on social media or to locate an address or cell phone number for him. Because Nicolás Maduro is the head of the Criminal Enterprise and has direct contact with and control over Segunda Marquetalia, Plaintiffs would like to serve him via text message to the personal cell phone of Nicolás Maduro at +58 (0) 426-216-8871. As the head of the Maduro Criminal Enterprise, service on Nicolás Maduro will provide Segunda Marquetalia with notice of the action.

16. FARC-EP: The U.S. Marshal's office can serve a summons and complaint on Juvenal Ovidio Ricardo Palmera Pineda, one of the leaders and managers of the FARC-EP.

17. Cartel of the Suns: The U.S. Marshal's office can serve a summons and complaint on Cliver Antonio Alcala Cordones ("Alcala Cordones"), one of the leaders and managers of the Cartel of the Suns.

## II. MEMORANDUM OF LAW

Pursuant to Rule 4(f), service of an individual outside of the United States may occur (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention"; (2) "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3). In granting alternate service, "[d]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and not prohibited by international agreements." *Brookshire Bros., Ltd. V. Chiquita Brands, Int'l, Inc.*, No. 05-Civ-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007). For the following reasons, Plaintiffs' request that the Court authorize alternate service under Rule 4(f)(3).

Pursuant to Rule 4(c)(3), the "court may order that service be made by a United States marshal or deputy marshal." Plaintiffs respectfully request an order directing a deputy U.S. marshal to serve the summons and complaint on the leaders and managers of the FARC-EP and the Cartel of the Suns who are in the custody of the Federal Bureau of Prisons.

**A.     Alternate service means, such as text, email and social media are not prohibited by International Agreement and are consistent with Due Process**

Venezuela and the United States are parties to the Hague Convention. This District held that an attempt of service under the Hague Convention, even when applicable, is not required prior to seeking alternative service. *See Codigo Music, LLC v. Televisa S.A. de C.V.*, No. 15-Civ-21737-Williams, 2017 WL 4346968, *7 (S.D. Fla. Sept. 29, 2017). Alternative service is appropriate here where the methods set forth by Plaintiffs are not prohibited by international agreement and are reasonably calculated to provide notice and are consistent with due process.

Plaintiffs propose to serve Defendants through email, direct message on social media, and text. This District has found that service methods through electronic means such as e-mail, text message, and social media outlets are sufficient and not prohibited under international agreement. *See Albán Osio v. Maduro Moros*, Case No. 1:21-cv-20706 (DPG) (S.D. Fla. Sep. 26, 2022), ECF No. 60, at 9; *See Holt v. Maduro Moros*, Case No. 1:24-cv-20701 (CMA) (S.D. Fla. Apr. 26, 2024), ECF No. 14, at 3.

Venezuela has objected to service by postal channels under Article 10, subpart a.[5] An objection to service by postal channels does not preclude service by email. See *Chanel, Inc. v. Individual, P'ship, or Unincorporated Ass'n*, No. 17-62441-CIV, 2017 WL 8794733, at *7 (S.D. Fla. Dec. 13, 2017). Venezuela has not objected to service of process using email, social media or text message. The methods of service requested by Plaintiffs are not prohibited by international agreement and the Court remains free to order alternative service by a means not included in an Article 10 objection. *See Id*.

As set forth above, Plaintiffs obtained the cell phone number, personal and/or work email addresses, and social media accounts of most of the Defendants. These methods were used in prior

---

[5] *See* U.S. Dep't State — Bureau Consular Affs., Venez. Jud. Assistance Country Info., https://travel.state.gov/content/travel/en/legal/Judicial-AssistanceCountry-Information/VenezuelaBolivarianRepublicof.html.

cases to serve many of those same defendants. This District has repeatedly held that serving Defendants through text, email and social media is reasonably calculated and consistent with Due Process. *See Holt*, Case No. 1:24-cv-20701, ECF No. 14 at 3 ("Service by text, e-mail, or through social media is also reasonably calculated to give notice to Defendants."); *See Albán*, Case No. 1:21-cv-20706, ECF No. 60, at 9 (finding that service by publication or electronic means, such as email, text message, and social media outlets are sufficient); *Perez*, Case No. 1:24-cv-23719, ECF No. 29 at 2 (finding that "service by text message, e-mail, or social media is reasonably calculated to give notice both because these Defendants have purposefully closed themselves off from more traditional means of service, and because these proposed means have been successfully used in other recent cases.").

Plaintiffs have been unable to locate, Iván Hernández, Domínguez Ramírez, Reynaldo Hernández, Salas Rivas, and Granko Arteaga. In light of Plaintiffs' inability to locate contact information for these Defendants, Plaintiffs seek to effectuate service on these Defendants via text message to Defendant Nicolas Maduro. Service via text message to Nicolás Maduro for Defendants is reasonably calculated to provide notice and is consistent with due process. Nicolás Maduro functions as the leader of Maduro Criminal Enterprise who governs the criminal enterprise with absolute authority such that service of process on Maduro will undoubtedly provide notice to the Defendants whose contact information is unknown and cannot currently be located. Defendants operate at the behest of Nicolás Maduro and are subject to his unyielding dominance and control. *See* Compl. ¶¶ 51-55, 60, 63-65). Due to that dominance and control, service upon Maduro will provide notice to these Defendants of the action. *See Carrillo v. Black Diamond Equip., Ltd.*, No. 23-CV-115-S, 2023 WL 5312089, at *3 (D. Wyo. July 25, 2023) (service via email and mail of Defendants' counsel was sufficient to provide adequate notice to Defendants where there is a

special relationship); *See Whirlpool Properties, Inc. v. Individuals, Partnerships, & Unincorporated Associations that Own or Operate www.filter-belvita.com.*, No. 2:23-CV-00118-JRG, 2023 WL 5193446, at *3-4 (E.D. Tex. Aug. 11, 2023) (service of Defendants, including individuals via corporate email is sufficient to provide adequate notice).

Plaintiffs contend that service by means of email, text, and direct message by social media accounts comports with the due process requirements.

In the alternative, Plaintiffs request that the Court order some other alternative method of service consistent with due process.

### B. Leaders of The FARC-EP and Cartel of The Suns May be Served Under Rule 4(c)(3)

Plaintiffs respectfully move under Fed. R. Civ. P. 4(c)(3) for an order directing the U.S. Marshal to serve a summons and complaint on Juvenal Ovidio Ricardo Palmera Pineda, one of the leaders and managers of the FARC-EP and Cliver Antonio Alcala Cordones, one of the leaders and managers of the Cartel of the Suns.

FARC-EP leader, Juvenal Pineda was found guilty by a federal jury in the United States District Court for the District of Columbia of conspiracy to commit hostage-taking of three American citizens.[6] Pineda was sentenced to a 60-year term in federal prison.[7] He remains in the custody of the Federal Bureau of Prisons at the Supermax prison USP Florence Admax (Inmate #

---

[6] *See United States v. Fuerzas Armadas Revolucionarias De Colombia*, et al., case no. 1:04-cr-00232 (D.D.C. Jan. 28, 2008); *See* Dep't of Justice, *Senior Member of FARC Narco-Terrorist Organization Found Guilty of Hostage-Taking Conspiracy*, (July 11, 2007), https://www.justice.gov/archive/opa/pr/2007/July/07_nsd_494.html.

[7] *See United States v. Fuerzas Armadas Revolucionarias De Colombia*, et al., case no. 1:04-cr-00232 (D.D.C. Jan. 28, 2008).

27896-016).[8] Juvenal Pineda is subject to the Special Measures and Bureau of Prisons regulations. As a result, Juvenal Pineda cannot be served by a private process server.

The Cartel of the Suns leader, Alcala Cordones pled guilty on June 29, 2023, to narco-terrorism, conspiracy to import cocaine, and associated firearm charges.[9] On April 8, 2024, he was sentenced to 260 months in prison.[10] Alcala Cordones remains in the custody of the Federal Bureau of Prisons and is subject to the Special Measures and Bureau of Prisons regulations.[11] As a result, Alcala Cordones cannot be served by a private server. Alcala Cordones remains in the custody of the Federal Bureau of Prisons at FCI Cumberland (Inmate # 87971-057).

The "court may order that service be made by a United States marshal or deputy marshal." Plaintiffs respectfully request an order directing a deputy U.S. marshal to serve the summons and complaint on Juvenal Pineda and Alcala Cordones under Rule 4(c)(3). *See Albán Osio v. Maduro Moros*, Case No. 1:21-cv-20706 (DPG) (S.D. Fla. Sep. 26, 2022), ECF No. 9 (granting Plaintiffs' motion directing the U.S. Marshal's Service to effectuate service on the FARC-EP by serving Juvenal Pineda); *See Holt v. Maduro Moros*, Case No. 1:24-cv-20701 (CMA) (S.D. Fla. Apr. 26, 2024), ECF No. 16 (granting Plaintiffs' motion directing the U.S. Marshal's Service to effectuate service on the Cartel of the Suns by serving Alcala Cordones).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) take judicial notice of the evidence presented in *Marron*, *Albán, Holt,* and *Perez* of Defendants prior evasion of

---

[8] *See* Federal Bureau of Prisons, Inmate Lookup, (Dec. 17, 2024) https://www.bop.gov/inmateloc/ (search inmate ID 27896-016).

[9] *See United States v. Cliver Antonio Alcala Cordones*, et al., case no. 1:11-cr-205-AKH (S.D.N.Y. Mar. 5, 2020)(ECF No. 175).

[10] *See Id*.

[11] *See* Federal Bureau of Prisons, Inmate Lookup, (Dec. 17, 2024) https://www.bop.gov/inmateloc/ (search inmate ID 87971-054 ).

16

service under the Hague Convention and the successful service of Defendants via text, email, and social media; and (2) allow Plaintiffs to immediately proceed to alternative service and authorize service pursuant to Rule 4(f)(3) of the Summons, Complaint, and certified Spanish Translation upon each Defendant named herein by email, text, and/or social media direct message advising the defendant of the lawsuit and providing a link to a website hosting the service materials.

Plaintiffs further request that the Court (1) direct the U.S. Marshal's Service to effectuate service on Juvenal Pineda and Alcala Cordones; (2) enter a written order in lieu of a textless or minute order; and (3) order the U.S. Marshal's Service to provide a copy of the Form 285 to counsel for Plaintiffs or file on the docket for the case omitting the location for Alcala Cordones and provide a copy of Form 285 with the location for *in camera* review should the court determine further information is warranted.

Dated: January 6, 2025

Respectfully submitted,

/s/John Thornton
John Thornton
**do Campo & Thornton, P.A.**
150 S.E. 2nd Avenue, Suite 602
Miami, FL 33131
(305) 358-6600
jt@dandtlaw.com

Michael Pendell (*pro hac vice forthcoming*)
**MOTLEY RICE LLC**
One Corporate Center
20 Church Street, 17th Floor
(860) 882-1681
mpendell@motleyrice.com

John Eubanks (*pro hac vice forthcoming*)
jeubanks@motleyrice.com
Annie E. Kouba (*pro hac vice forthcoming*)
akouba@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

(843) 216-9000

Patrick Barrett (*pro hac vice forthcoming*)
**PROVOST UMPHREY LAW FIRM, LLP**
Hobbs Building, Suite 303
4205 Hillsboro Pike
Nashville, TN 37215
(615) 297-1932
pbarrett@pulf.com

*Attorneys for Plaintiffs*