# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20040-JB

MATTHEW JOHN HEATH, MATTHEW JOHN HEATH, as the guardian of I.M.H a minor, ROBERT JOHN HEATH, CONNIE DEMETA HAYNES; DEVIN EDWARD WALLER, MCKENZIE CONNEAL DANIELS, OSMAN IMRAN KHAN, TANIA YUDITH VALDES, JASMIN YUDITH KHAN, and TANIA YUDITH VALDES, as the guardian of A.I.K. a minor,

          Plaintiff,

  v.

NICOLÁS MADURO MOROS, FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA-EJÉRCITO DEL PUEBLO ("FARC-EP"), CARTEL DE LOS SOLES ("CARTEL OF THE SUNS"), SEGUNDA MARQUETALIA, VLADIMIR PADRINO LÓPEZ, NÉSTOR LUIS REVEROL TORRES, TAREK WILLIAM SAAB HALABI, IVÁN RAFAEL HERNÁNDEZ DALA, DIOSDADO CABELLO RONDÓN, ALEX NAIN SAAB MORÁN, JOSÉ MIGUEL DOMÍNGUEZ RAMÍREZ, CILIA ADELA FLORES DE MADURO, REYNALDO HERNÁNDEZ, MARLON SALAS RIVAS, ALEXANDER ENRIQUE GRANKO ARTEAGA, PETRÓLEOS DE VENEZUELA, S.A., COMPAÑÍA GENERAL DE MINERÍA DE VENEZUELA, aka CVG COMPAÑÍA GENERAL DE MINERÍA DE

VENEZUELA CA aka CORPORACIÓN VENEZOLANA DE GUAYANA MINERVEN C.A. aka CVG MINERVEN aka MINERVEN,

                Defendants.

_____/

## ORDER ON PLAINTIFFS' MOTION FOR SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) AND 4(c)(3)

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Service of Process Under Federal Rule of Civil Procedure 4(f)(3) and 4(c)(3) (the "Motion"), ECF No. [6], which was filed with respect to foreign defendants (1) Nicolás Maduro Moros ("Nicolás Maduro"), (2) Vladimir Padrino López ("Padrino López), (3) Néstor Luis Reverol Torres ("Reverol Torres"), (4) Tarek William SaabHalabi ("Tarek Saab"), (5) Iván Rafael Hernández Dala ("Iván Hernández"), (6) Diosdado Cabello Rondón ("Diosdado Cabello"), (7) Alex Nain Saab Morán ("Alex Saab"), (8) José Miguel Domínguez Ramírez ("Domínguez Ramírez"), (9) Cilia Adela Flores de Maduro ("Cilia Flores"), (10) Reynaldo Hernández, (11) Marlon Salas Rivas ("Salas Rivas"), (12) Alexander Enrique Granko Arteaga ("Granko Arteaga"), (13) Petróleos de Venezuela, S.A. (a.k.a. "PDVSA"), (14) Compañía General de Minería de Venezuela, (a.k.a. CVG Compañía General de Minería de Venezuela CA, a.k.a. Corporación Venezolana de Guyana Minerven C.A., a.k.a. CVG Minerven, a.k.a. and hereinafter "Minerven"), and (15) Segunda Marquetalia (collectively, "Defendants").

Upon due consideration of the Motion, the pertinent portions of the record, and the relevant authorities, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED**. The Court finds that Defendants are fugitives from justice and/or

2

sanctioned by the United States, actively flouting United States authority, and therefore cannot be served through conventional means. The Court takes judicial notice of evidence submitted in four other recent cases in this District involving similar claims against some of the same Defendants in which alternative service was permitted. *See* Order Granting Plaintiffs' Motion for Alternative Service Under Rule 4(f)(3), *Marron v. Maduro Moros*, No. 21-cv-23190-FAM (S.D. Fla. Sept. 6, 2022), ECF No. [33]; Order, *Albán Osio v. Maduro Moros*, No. 21-cv-20706-DPG (S.D. Fla. Sept. 23, 2022), ECF No. [60]; Order, *Holt v. Maduro Moros*, No. 24-cv-20701-CMA (S.D. Fla. Apr. 26, 2024), ECF No. [14]; Order Authorizing Alternative Service, *Perez v. Maduro Moros*, No. 24-cv-23719-JEM (S.D. Fla. Dec. 6, 2024), ECF No. [29].

Federal Rule of Civil Procedure 4(f)(3) permits a district court to order alternative methods for service on foreign defendants, provided they are not prohibited by international agreement and are reasonably calculated to give notice to defendants. *See* Fed. R. Civ. P. 4(f)(3).

Plaintiffs argue that Defendants can be served through alternative methods including text, e-mail, and direct message. ECF No. [6] at 7–12. Service by text message, e-mail, or through social media is not prohibited under any relevant international agreement. Indeed, while the United States and Venezuela are parties to the Hague Convention, the Convention does not specifically prohibit service by text, e-mail, or through social media.[1] Consequently, service by text, e-mail, and direct message via social media would not violate any international agreement.

---

[1] See U.S. Dep't State — Bureau Consular Affs., Venez. Jud. Assistance Country Info., https://travel.state.gov/content/travel/en/legal/JudicialAssistanceCountryInformatio

Furthermore, service by text message, e-mail, or social media is reasonably calculated to give Defendants notice of this suit because Defendants have purposefully closed themselves off from traditional means of service, and Plaintiffs have cited recent cases where the proposed methods of service have been successful. Accordingly, Plaintiffs have shown good cause why leave should be granted to allow service on Defendants of the summons, Complaint, and all filings and discovery in this matter via text message, e-mail, or through social media.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs may serve summons, a copy of the Complaint, ECF No. [1], and all future filings and discovery in this matter upon Defendants through a link to the service documents as follows:

1. To Nicolás Maduro by (1) a text to his personal cell phone;

2. To Padrino López by (1) a text message to his personal cell phone; or (2) a direct message to his Facebook profile;

3. To Reverol Torres by (1) his personal non-public email address; or (2) a direct message to his Instagram account;

4. To Tarek Saab by (1) a text message to his personal cell phone; or a direct message to his X account;

5. To Iván Hernández by (1) a text message to the personal cell phone of Nicolás Maduro;

---

n/VenezuelaBolivarianRepublicof.html (setting forth Venezuela's objection only to service as specified in Article 10, subpart a).

6. To Diosdado Cabello by (1) his personal non-public email address; or (2) his work email address;

7. To Alex Saab by (1) a text message to his personal cell phone;

8. To Domínguez Ramírez by (1) a text message to the personal cell phone of Nicolás Maduro;

9. To Cilia Flores by (1) a direct message to her Instagram account;

10. To Reynaldo Hernández by (1) a text message to the personal cell phone of Nicolás Maduro;

11. To Salas Rivas by (1) a text message to the personal cell phone of Nicolás Maduro;

12. To Granko Arteaga by (1) a text message to the personal cell phone of Nicolás Maduro;

13. To PDVSA by (1) a direct message to the Instagram account of PDVSA President Héctor Obregón Pérez; or (2) a direct message to the LinkedIn account of the PDVSA Vice President of International Affairs, Ronny Romero;

14. To Minerven by (1) a direct message to the Instagram account of Minerven's President, Héctor Silva.

It is **FURTHER ORDERED AND ADJUDGED** that Plaintiff's request for an order directing service by the U.S. Marshal's Office is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 4(c)(3), the U.S. Marshal's Office is directed to:

1. Serve the Complaint, ECF No. [1], and Summons of Fuerzas Armada Revolucionarias de Colombia, ECF No. [4], on Juvenal Ovidio Ricardo Palmera Pineda (Bureau of Prisons Inmate #27896-016) at USP Florence Admax in accordance

with the applicable Special Administrative Measures or Bureau of Prisons Regulations; and

2. Serve the Complaint, ECF No. [1], and Summons of the Cartel of the Suns, ECF. No. [4], on Cliver Antonio Alcala Cordones (Bureau of Prisons Inmate # 87971-057) at FCI Cumberland in accordance with the applicable Special Administrative Measures or Bureau of Prisons Regulations.

The U.S. Marshal's Office shall return a completed Form USM-285 (Process Receipt and Return) to Plaintiffs' counsel and file the completed Form USM-285 on the docket in this action within **10 days after service**.

**DONE AND ORDERED** in Miami, Florida, this 24th day of February, 2025.

_____
**JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE**