**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 25-cv-20040-JB**

MATTHEW JOHN HEATH, *et al.*

  Plaintiffs,

v.

NICOLÁS MADURO MOROS, *et al.*

  Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO SET ASIDE CLERK'S**
**ENTRY OF DEFAULT AND EXTEND TIME FOR SERVICE AND TIME TO**
**FILE MOTION FOR DEFAULT JUDGMENT**

**THIS CAUSE** comes before the Court on Plaintiffs' Motion to Set Aside Clerk's Entry of Default and Extend Time for Service and Time to File Motion for Default Judgment, (the "Motion"), ECF No. [51]. For the reasons discussed below, the Motion, ECF No. [51] is **GRANTED.**

The Court "may set aside an entry of default for good cause[.]" FED. R. CIV. P. 55(c). The Eleventh Circuit has adopted a non-exhaustive three-part test to determine if the defaulting party has demonstrated good cause: (1) "whether the default was culpable or willful," (2) "whether setting it aside would prejudice the adversary," and (3) "whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). A party seeking to vacate entry of a default must only offer a "bare minimum showing" that it is entitled to relief. *Griffin IT Media,*

1

*Inc. v. Intelligentz Corp.*, No. 07-80535, 2008 WL 162754, at *2 (S.D. Fla. Jan. 16, 2008) (quoting *Jones v. Harrel*, 858 F.2d 667, 669 (11th Cir. 1988)).  Further, the Eleventh Circuit has signaled its clear preference for adjudicating disputes on the merits. *See, e.g., Fla. Physicians Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

Upon careful consideration of the Motion, the pertinent portions of the record, and the relevant legal authorities, the Court concludes that Plaintiffs have established good cause to set aside the Clerk's default.  Given the foregoing, and in light of the "strong policy of determining cases on their merits," *Ehlers*, 8 F.3d at 783, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Set Aside Default, ECF No. [51], is **GRANTED**.

2. Clerk's Entry of Default against Defendants (1) Nicolás Maduro Moros, (2) Vladimir Padrino López, (3) Néstor Luis Reverol Torres, (4) Tarek William Saab Halabi, (5) Iván Rafael Hernández Dala, (6) Diosdado Cabello Rondón, (7) Alex Nain Saab Morán, (8) José Miguel Domínguez Ramírez, (9) Cilia Adela Flores de Maduro, (10) Reynaldo Hernández, (11) Marlon Salas Rivas, (12) Alexander Enrique Granko Arteaga, (13) Compañía General de Minería de Venezuela, and (14) Segunda Marquetalia is hereby **VACATED**.

3. Plaintiffs shall effectuate service on the Defendants referenced in paragraph 2 above **by no later than seven days** from the date of this

Order.

4. Any Motion for Clerk's Default or Motion for Final Default Judgment shall comply with the Court's Order Regarding Procedures. ECF No. [5].

**DONE AND ORDERED** in Miami, Florida this 15th day of August, 2025.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**